IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LAWRENCE GENE JACKSON, A/K/A § <br> LAWRENCE G. JACKSON, § <br> LAWRENCE GENE PAGE, § <br> LAWRENCE G. PAGE, § <br>    DALLAS CNTY. JAIL #24031752, § <br>        PLAINTIFF, § <br> § <br> V. § <br> § <br> DALLAS COUNTY COURT SYSTEM, § <br> ET AL., § <br>        DEFENDANTS. § | CIVIL NO. 3:24-CV-2293-E-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Plaintiff Lawrence Gene Jackson, an inmate at the Dallas County Jail, filed two letters in this Court that were construed as civil complaints. Doc. 3; Doc. 4. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED** as barred by three strikes.

    **I. ANALYSIS**

The "three-strike" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed as frivolous or malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007); *see also Brown v. Megg*, 857 F.3d 287, 290-91 (5th Cir. 2017)

("[S]ection 1915(g) comports with the PLRA's effort 'to filter out the bad claims filed by prisoners and facilitate consideration of the good.'" (quoted case omitted)). "A dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice." *Lomax v. Ortiz-Marquez*, 590 U.S. —, 140 S. Ct. 1721, 1727 (2020). Moreover, "a strike issues only when the entire case is dismissed for being frivolous, malicious, or failing to state a claim." *Brown*, 857 F.3d at 290-91.

Jackson has accrued three strikes under § 1915(g). He has a long and abusive filing history using multiples aliases—e.g., Lawrence G. Jackson, Lawrence Gene Page, Lawrence G, Page. *See* National and Circuit Indexes.[1] Before this lawsuit was filed, Jackson filed at least four civil actions, while confined as a prisoner, that were dismissed for failure to state a claim:

- *Page v. Bachus*, 3:18-CV-2984-L-BH, 2019 WL 2453065 (N.D. Tex. Jan. 14, 2019), *rec. accepted*, 2019 WL 2448855, at *1 (N.D. Tex. June 12, 2019) (dismissed with prejudice for failure to state a claim under 28 U.S.C. § 1915A(b)).

- *Page v. Dallas County Court System*, No. 3:21-CV-0021-G-BN, 2021 WL 742891, at *1 (N.D. Tex. Feb. 3, 2021), *rec. accepted*, 2021 WL 736265, at *1 (N.D. Tex. Feb. 25, 2021) (dismissed without prejudice as barred by *Heck v. Humphrey* and 28 U.S.C. § 1915A(b)).

- *Jackson v. Dallas County Jail*, No. 3:21-CV-0149-G-BT, 2021 WL 5016882, at *1 (N.D. Tex. Oct. 8, 2021), *rec. accepted*, 2021 WL 5014317, at *1 (N.D. Tex. Oct. 27, 2021) (dismissed for failure to state a claim under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)).

- *Jackson v. Sheriff Brown*, No. 3:22-CV-2408-G-BT, 2023 WL 3259759, at *1 (N.D. Tex. Apr. 13, 2023), *rec. accepted*, 2023 WL 3260548, at *1 (N.D. Tex. May 3, 2023) (dismissed for failure to state a claim under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)).

Having accumulated three "strikes," § 1915(g) precludes Jackson from proceeding in this action *in forma pauperis* unless he alleges that he is in "imminent danger of serious physical

---

[1] The PACER Case Locator is available at https://pcl.uscourts.gov/pcl/index.jsf and the Circuit Index is available at http://sanction.txed.circ5.dcn/ (last accessed on Sep. 23, 2024).

injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam). Jackson has not met that requisite. His pleadings are difficult to decipher and largely nonsensical. As best the Court can glean, Jackson complains about (1) the filing fee due in an earlier action, (2) the length of his confinement in 2022, (3) overcrowding, and (4) incidents that involved other inmates or predated his current confinement. Doc. 3; Doc. 4; *see also* Doc. 6 (complaining about his legal mail and a prior incident involving excessive force).

Even when liberally construed, however, the construed complaints are wholly devoid of any allegation of imminent danger of serious physical injury. *See Roberson v. Morgan*, 858 F. App'x 158, 159 (5th Cir. 2021) (per curiam) ("[S]peculative and conclusory allegations are insufficient to make the showing required to avoid application of the three strikes bar under § 1915(g)."). And "allegations of past harm are insufficient to show imminent danger within the meaning of § 1915(g)." *Floyd v. Lumpkin*, 2023 WL 1793874, at *1 (5th Cir. Feb. 7, 2023) (unpublished per curiam) (citing *Banos*, 144 F.3d at 884-85). Therefore, insofar as Jackson seeks leave to proceed *in forma pauperis*, he is barred from proceeding under § 1915(g).

## II. CONCLUSION

Jackson's construed complaint should be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g). Such dismissal is with prejudice to Jackson refiling an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to him refiling this lawsuit with full payment of filing and administrative fees of $405.00.

**SO RECOMMENDED** on September 24, 2024.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).